IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JANICE H.,[1]

    Plaintiff,

v.                              Civil Action No. 3:22-cv-630–HEH

MARTIN O'MALLEY,
Commissioner of Social Security,[2]

    Defendant.

**MEMORANDUM OPINION**
(Adopting Magistrate Judge's Report and Recommendation)

In this action, Plaintiff challenges the Social Security Administration's ("SSA" or "Commissioner") denial of her Title II application for Disability Insurance Benefits ("DIB") and Title XVI application for Supplemental Security Income ("SSI"). The matter is presently before the Court on the Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Summer L. Speight, United States Magistrate Judge ("Magistrate Judge"), on January 5, 2024. (ECF No. 27.) The Magistrate Judge's R&R addressed the parties' cross-motions for summary judgment

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants by only their first names and last initials.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

(ECF Nos. 18, 21) and recommended the Court affirm the SSA's decision. (R&R at 2.) Plaintiff has filed an Objection to the R&R (ECF No. 28), and Commissioner has responded thereto (ECF No. 29). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. *See* E.D. VA. LOC. CIV. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition of the case. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3).

## I. BACKGROUND

This matter involves Plaintiff's application for Social Security DIB under the Social Security Act (the "Act"). In Plaintiff's application, she alleged disability from alcohol dependency, morbid obesity, placentitis, major depression, anxiety, biliary colic, disc issues, ulcer, hydronephrosis, left ureteral calculus, chronic back pain, atrial flutter, sleep apnea, stroke, hypertension, ablation treatment, and high cholesterol. (R. at 295.) The SSA denied Plaintiff's claims both initially and upon reconsideration. (*Id.* at 121, 123, 125–26.) Plaintiff then requested a hearing before an administrative law judge

2

("ALJ"), which took place on October 5, 2021. (*Id.* at 44–73, 181.) On November 9, 2021, the ALJ issued a written opinion, finding that Plaintiff was not disabled under the Act. (*Id.* at 15–33.) On July 25, 2022, the SSA Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it the final decision of the Commissioner. (*Id.* at 1–3.)

### A. The ALJ's Five-Step Evaluation Process

In making the disability determination and pursuant to SSA regulations, the ALJ followed the five-step evaluation process. *See* 20 C.F.R. § 404.1520(a)(4); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The ALJ assessed Plaintiff's medical records and weighed the opinions of Daeryl Williamson, N.P. ("N.P. Williamson") and Dan A. Jacobsen, LCSW ("LCSW Jacobsen").

At step one of the evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity[3] since her alleged disability onset date of June 8, 2020. (R. at 19.) At step two, the ALJ determined that Plaintiff had the following severe impairments: (1) cardiac dysrhythmias/paroxysmal atrial fibrillation; (2) degenerative disk disease of the lumbar spine; (3) degenerative disk disease of the cervical spine; (4) osteoarthritis of the bilateral shoulder; (5) joint dysfunction of the knee; (6) depression; (7) anxiety; and (8) substance abuse disorder. (*Id.*) At step three, the ALJ

---

[3] Substantial gainful activity is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities," which may include work that "is done on a part-time basis" or work that comes with less pay or responsibility than a person's prior work history. 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

3

concluded that Plaintiff had impairments resulting from substance abuse that met or medically equaled the severity of one of the listed impairments in the regulations. (*Id.* at 20); *see* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. The ALJ also determined that, if Plaintiff ceased her substance abuse, she would no longer have such an impairment. (*Id.* at 26.)

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), *see* 20 C.F.R. §§ 40.1520(a)(4), (e), 404.1545(a), which the ALJ used during the remaining steps of the evaluation process. The ALJ determined that, if Plaintiff stopped her substance abuse, Plaintiff retained the ability to perform light work as defined in 20 CFR § 404.1567(b), with some limitations:

> [Plaintiff] can occasionally push, pull, or reach overhead with left upper extremity. [Plaintiff] can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; and can never climb ladders, ropes, or scaffolds. [Plaintiff] can have no more than occasional exposure to extreme cold and no work with heights, hazards, or moving mechanical parts. [Plaintiff] can understand, remember, apply, or carry out simple, routine tasks, consistent with unskilled work. [Plaintiff] can concentrate, persistent [sic], and maintain pace to complete unskilled tasks that do not require a production rate pace meaning fast pace. [Plaintiff] may have routine and occasional interaction with supervisors, co-workers, and no contact with the public, in settings where tasks involve work primarily with objects rather than people. Finally, [Plaintiff] may adapt to occasional changes associated with unskilled work.

(R. at 29.) The ALJ considered "all symptoms and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.* at 20.) At step four, based on the ALJ's RFC findings, the ALJ concluded that Plaintiff was incapable of performing past relevant work. (*Id.* at 32.)

At step five, the ALJ found that, if Plaintiff forwent her substance abuse, there

4

were a significant number of jobs within the light work category in the national economy that Plaintiff could perform. (*Id.* at 32–33.) The ALJ came to this conclusion after considering the testimony of a vocational expert, who testified that, given Plaintiff's age, education, work experience, and RFC, Plaintiff could perform the requirements of a merchandise marker, routing clerk, and photocopy machine operator. (*Id.*) Therefore, after determining that if Plaintiff ceased her substance abuse, she would "be capable of making a successful adjustment to work that exists in significant numbers in the national economy," the ALJ concluded that Plaintiff was not disabled under the Act. (*Id.* at 33.)

### B. The ALJ's Evaluation of LCSW Jacobsen's Medical Opinion

The ALJ evaluated LCSW Jacobsen's medical opinion, summarized his findings, and concluded that his opinion was not persuasive, as required by 20 C.F.R. § 404.1520c. (R&R at 11.) The ALJ noted:

> [Plaintiff's] treating LCSW Dan A. Jacobsen opined that [Plaintiff's] prognosis was poor and that [Plaintiff] suffered from marked to extreme limitations in all aspects of workplace functioning . . . . He opined that she could concentrate for no more than five minutes at one time, she required special supervision, and she would be off task more than 25% of a workday and miss four days of work per month. [LCSW] Jacobsen noted that he first started treating [Plaintiff] in September of 2021, and prepared the assessment on September 21, 2021. At all points during the period at issue, the undersigned finds this assessment to be not persuasive. Even when accounting for her substance abuse, the severity of assessed extreme limitations is not supported by referenced clinical findings, as the treating relationship is new and does not account for the longitudinal history noted above. Furthermore, the severity of assessed extreme restrictions in all categories is not entirely supported by the clinical and examination findings, the grossly conservative and outpatient treatment history, or [Plaintiff's] documented ongoing capabilities in spite of her impairment.

(R. at 25.)

The Magistrate Judge carefully weighed Plaintiff's evidence against the ALJ's finding that LCSW Jacobsen's opinion was not persuasive and not indicative of Plaintiff's full capabilities when she stopped her substance abuse and, ultimately, concluded that the ALJ satisfied the regulations. (R&R at 21–22.) The Magistrate Judge explained that—contrary to Plaintiff's contention that the ALJ did not, as required by 20 C.F.R. § 404.1520c, properly address the supportability of LCSW Jacobsen's opinion— the ALJ did not err in finding that LCSW Jacobsen's opinion lacked support. (*Id.*) The Magistrate Judge determined that the ALJ properly weighed record evidence when assessing LCSW Jacobsen's opinion. (*Id.*)

Plaintiff also alleges that the ALJ's characterization of Plaintiff's mental health treatment as "grossly conservative" is not in accord with the record. (Pl.'s Mem. in Supp. at 20, ECF No. 19.) However, the Magistrate Judge found that the ALJ did not err in this conclusion based on the record evidence from periods of Plaintiff's sobriety. (R&R at 22–23.) Overall, the Magistrate Judge concluded that the ALJ properly analyzed LCSW Jacobsen's opinion and that substantial evidence supports her findings. (*Id.* at 23.)

### C. The ALJ's Evaluation of N.P. Williamson's Medical Opinion

The ALJ evaluated N.P. Williamson's medical opinion, summarized his findings, and concluded that his opinion was only somewhat persuasive and not indicative of Plaintiff's full capabilities when she stops substance use, as required by 20 C.F.R. § 404.1520c. (R. at 25–26.) The ALJ explained:

> [T]his assessment [is] only somewhat persuasive, as it is a conclusory form

6

and not supported by additional reference to records consistent with severity of adopted conclusions. Furthermore, while the record reflects marked restrictions when accounting for her substance abuse, the conclusions are otherwise not entirely supported by the clinical findings of no acute thought content irregularities, the grossly conservative post-admission treatment history, and [Plaintiff]'s documented ongoing capabilities.

(*Id.* at 26.)

The Magistrate Judge thoroughly weighed Plaintiff's evidence against the ALJ's conclusion that N.P. Williamson's opinion was only somewhat persuasive and not indicative of Plaintiff's full capabilities during periods of sobriety and determined that the ALJ satisfied the regulations. (R&R at 17.) The Magistrate Judge disagreed with Plaintiff's contention that the ALJ did not, as required by 20 C.F.R. § 404.1520c, properly address the supportability and consistency of N.P. Williamson's opinion and cited extensively to the ALJ's analysis. (*Id.* at 17–18.) The Magistrate Judge also found that the ALJ did not err in concluding that Plaintiff had marked restrictions during periods of substance abuse but only moderate limitations if Plaintiff stopped substance use. (*Id.* at 18–19.) Overall, the Magistrate Judge determined that substantial evidence supported the ALJ's findings. (*Id.* at 19.)

### D. The Magistrate Judge's Conclusion

Based on the analysis of the ALJ's findings and Plaintiff's evidence, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (R&R at 23); *see also* 42 U.S.C. § 405(g) ("The court shall have power to

enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On January 19, 2024, Plaintiff filed an objection to the Magistrate Judge's R&R. Plaintiff first objects to the Magistrate Judge's recommended finding that the ALJ properly evaluated the opinion evidence. (Pl.'s Obj. at 1.) Plaintiff specifically contests the Magistrate Judge's finding that the ALJ "sufficiently addressed both supportability and consistency when considering N.P. Williamson's medical opinions" and that the Magistrate Judge improperly distinguished *Moore v. Kijakazi*, No. 5:21-cv-4202, 2023 WL 2583225 (D.S.C. Mar. 21, 2023), from the present case. (*Id.* at 2 (internal quotations omitted).) Additionally, Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ properly analyzed LCSW Jacobsen's medical opinion in accordance with the regulations, reiterating the argument that the consistency and supportability factors were not properly considered by the ALJ. (*Id.* at 3–6.) Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ properly characterized Plaintiff's mental health treatment as "grossly conservative," and that the Magistrate Judge improperly distinguished *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341 (4th Cir. 2023), from the present case. (*Id.* at 3–5.)

In his response, the Commissioner maintains that the Magistrate Judge correctly found that the ALJ applied the proper legal standards in evaluating the opinions of N.P. Williamson and LCSW Jacobsen and that the ALJ's determinations were supported by substantial evidence. (Def.'s Resp. at 2–6.) Therefore, the Commissioner urges this

8

Court to overrule Plaintiff's Objections, adopt the R&R, deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the ALJ's decision. (*Id.* at 7.)

## II. DISCUSSION

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)) (alteration in original). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (citing *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)) (alteration in original).).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson*, 434 F.3d at 653) (second alteration in original); *see also Biestek*, 139 S. Ct. at 1156 (describing the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding[,] [however,] if it was reached by means of an improper

9

standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard and having reviewed the record, Plaintiff's Objections, and the Magistrate Judge's R&R, this Court finds that there is substantial evidence in the record to support the ALJ's finding of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's Objections will be overruled.

### A. The ALJ Properly Evaluated N.P. Williamson's Medical Opinion and Substantial Evidence Supports the ALJ's Findings.

Plaintiff objects to the ALJ's conclusion that N.P. Williamson's findings were conclusory, not supported by the record, and inconsistent with the record. (Pl.'s Obj. at 2–3; R. at 26.) The Magistrate Judge correctly found that the ALJ extensively analyzed Plaintiff's medical records and "sufficiently addressed both supportability and consistency when considering N.P. Williamson's medical opinion." (R&R at 17 (citing R. at 26, 28–31).) When discussing the supportability of N.P. Williamson's opinion, the ALJ noted his assessment was "not supported by additional reference to records consistent with severity of adopted conclusions" and "not entirely supported by the clinical findings of no acute thought content irregularities, the grossly conservative post-admission treatment history, and [Plaintiff]'s documented ongoing capabilities." (R. at 26.) The Magistrate Judge also cited multiple instances where N.P. Williamson failed to provide examples to support his conclusions. (R&R at 17–18 (citing R. at 5335–37).) Additionally, the Magistrate Judge agreed with the ALJ's conclusion that, after reviewing

Plaintiff's medical records, Plaintiff only has moderate limitations in all four (4) areas of functioning during periods of sobriety. (*Id.* at 19 (citing R. at 22–24, 28).)

Plaintiff disagrees with the Magistrate Judge's finding that *Moore v. Kijakazi*, No. 5:21-cv-4202, 2023 WL 2583225 (D.S.C. Mar. 21, 2023), is distinguishable from the present case. (Pl.'s Obj. at 2–3.) The Magistrate Judge found that, unlike in *Moore*, the ALJ built a logical bridge for meaningful judicial review because she "clearly referenced prior sections in which she analyzed Plaintiff's mental health treatment, reported symptoms, and stated capabilities." (R&R at 19, n.4.) The Court agrees that this case differs from *Moore* and that, by referencing prior sections, the ALJ built a logical bridge that allows for meaningful review. Additionally, as noted by the Magistrate Judge, the ALJ "need not repeat pertinent findings multiple times throughout a ruling for the purpose of supporting individual conclusions." (*Id.* (quoting *John R. v. Kijakazi*, No. 2:22-cv-47, 2023 WL 2682358, at *4 (E.D. Va. Mar. 29, 2023)) (internal quotations omitted).) Thus, Plaintiff's objections regarding N.P. Williamson's medical opinion will be overruled.

### B. The ALJ Properly Evaluated LCSW Jacobsen's Medical Opinion and Substantial Evidence Supports the ALJ's Findings.

Plaintiff objects to the Magistrate Judge's recommended finding that "the ALJ properly characterized Plaintiff's treatment during periods of sobriety as conservative and routine," that *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341 (4th Cir. 2023), is distinguishable from this case, and that the ALJ sufficiently explained the supportability and consistency of LCSW Jacobsen's opinion. (Pl.'s Obj. at 3–6.)

11

The Magistrate Judge correctly found that the ALJ properly considered "Plaintiff's 'statements concerning the intensity, persistence, and limiting effects of [her] symptoms' and found them 'not entirely consistent with the medical evidence and other evidence in the record . . . .'" (R&R at 21 (quoting R. at 30).) The ALJ also found that Plaintiff's ongoing capabilities supported moderate limitations during periods of sobriety. (*Id.* (citing R. at 30–31).) Moreover, the ALJ noted the very limited time frame from when LCSW Jacobsen began his treatment of Plaintiff and when he prepared his opinion. (*Id.* at 21–22 (citing R. at 25).)

Additionally, the ALJ acknowledged Plaintiff's mental health treatment history and discussed Plaintiff's hospitalizations and admissions to rehabilitation programs in her opinion. (R. at 19, 22–24.) The ALJ also found that, when Plaintiff forgoes substance use, medication and outpatient treatments proved effective in managing Plaintiff's mental health symptoms. (R&R at 22 (citing R. at 22–24).) The ALJ explained that, during periods of sobriety and medication compliance, the records are "conservative, routine, and outpatient, with no evidence of acute mental complications that have required further assessment from a specialist independent of her substance abuse." (R. at 30); *see Ross v. Berryhill*, No 3:18-cv-42, 2019 WL 289101, at *11 (E.D. Va. Jan. 3, 2019), *R&R adopted by* No. 3:18-cv-32–HEH, 2019 WL 281191 (E.D. Va. Jan. 22, 2019) (holding that it is reasonable to discount allegations of limited mental functioning where "psychiatric symptoms responded well to conservative treatment" of medication and outpatient therapy). Moreover, the Court agrees with the Magistrate Judge's determination that this case is distinguishable from *Shelley C.* (R&R at 22 n.5.) In *Shelley C.*, the plaintiff

12

failed to respond to medication management which resulted in additional forms of treatment. *Shelley C.*, 61 F.4th at 363–64. Here, the record shows that, during periods of sobriety, Plaintiff does not require constant medication adjustment and management or additional forms of treatment. Thus, the Court agrees with the Magistrate Judge's conclusion that the ALJ's analysis of LCSW Jacobsen's medical opinion was sufficient, proper, and supported by substantial evidence.

### III. CONCLUSION

This Court finds that the ALJ followed the five-step evaluation process, pursuant to SSA regulations, and properly evaluated the medical opinions of N.P. Williamson and LCSW Jacobsen, after considering the required 20 C.F.R. § 404.1520c factors. Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings. For these reasons, the Court will accept and adopt the Magistrate Judge's Report and Recommendation (ECF No. 27). Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 18) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 21) will be granted. The Commissioner's decision will be affirmed.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 29, 2024
Richmond, Virginia

13